IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KRISTIN M. PURDY and JOHN J. BURNISH, III,<br><br>Plaintiffs<br><br>vs.<br><br>STARKO, INC., RANDY HAWKINS, CHRISTOPER GALE, OGDEN AUTO BODY, INC., and JOHN DOE I-X,<br><br>Defendants | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:10-CV-00042-DAK |

This matter is before the court on Plaintiffs Kristin M. Purdy and John J. Burnish, III's Motion to Remand this action to state court. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). After carefully considering the memoranda and other materials submitted by the parties and the law and facts relating to this matter, and now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

This case arose from an auto accident in Weber County, Utah, on September 14, 2008. Plaintiff Kristin M. Purdy ("Ms. Purdy") was the driver of a car that collided with a pickup truck driven by Defendant Christopher Gale ("Mr. Gale") and owned by

Defendant Randy Hawkins ("Mr. Hawkins"). Both Mr. Hawkins and Mr. Gale are employees of Defendant Starko, Inc. ("Starko"). Ms. Purdy allegedly suffered personal injuries in the accident, and her car was seriously damaged. After the accident, the car was towed to Defendant Ogden Auto Body's storage lot. While parked at the lot, the car's wheels and tires were stolen.

Ms. Purdy and her husband, Plaintiff John J. Burnish, III, ("Mr. Burnish") filed a complaint in Utah's Second Judicial District Court of Weber County, alleging negligence and intentional infliction of emotional distress against Defendants Starko, Mr. Hawkins, and Mr. Gale, and negligence and breach of implied contract against Defendant Ogden Auto Body. Plaintiffs Ms. Purdy and Mr. Burnish are residents of Utah. Defendants Mr. Hawkins, Mr. Gale, and Starko (the "Starko Defendants") are residents of Arkansas. Defendant Ogden Auto Body is a Utah company. Plaintiffs timely served the Starko Defendants, but they have not served Ogden Auto Body.

The Starko Defendants filed a motion in state court for severance and misjoinder, arguing that Ogden Auto Body was not a proper defendant because the questions of fact and law regarding the accident were independent of those relating to the loss of the wheels and tires. Plaintiffs countered by arguing that all of the Defendants were collectively responsible for the loss of the car, and that the accident triggered a series of events that foreseeably led to the loss of the wheels and tires. The state court found that the connection between Ogden Auto Body and the Starko Defendants was "tenuous at best," and that any improper act by Ogden Auto Body could not have been proximately caused by the accident. The court therefore ordered that the claims against Ogden Auto

Body and the claims against the Starko Defendants be tried separately. However, it did not dismiss Ogden Auto Body from the case entirely.

Following the state court ruling, the Starko Defendants removed the action to this court on the basis of diversity. Because Plaintiffs are Utah residents, and Defendant Ogden Auto Body is a Utah company, the complete diversity required for removal was facially lacking. Defendants, however, argued in their Notice of Removal that Ogden Auto Body had been fraudulently joined to prevent removal. Given the state court's ruling that Plaintiffs' claims against Ogden Auto Body would be tried separately, along with Plaintiffs' failure to serve Ogden Auto Body or otherwise pursue any claims against it, Defendants averred that the court has diversity jurisdiction.

Plaintiffs now move to remand to state court. They contend that Ogden Auto Body was properly joined and that this court therefore lacks diversity jurisdiction, making removal improper. Plaintiffs further argue in the alternative that the removal procedure was improperly carried out.

## DISCUSSION

Generally, because federal courts are courts of limited jurisdiction, there is a presumption against the existence of federal jurisdiction. *City of Lawton, Okla. v. Chapman*, 257 F.2d 601 (10th Cir. 1958). The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist. *Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277 (10th Cir. 1969). The Starko Defendants therefore bear the burden of demonstrating that removal was proper.

The Starko Defendants argue that Ogden Auto Body was fraudulently joined to prevent removal and that under the fraudulent joinder doctrine, the case was properly

3

removed. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Kansas State University v. Prince*, 673 F. Supp. 2d 1297, 1294 (D. Kan. 2009) (quoting *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)). The doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport,* 198 F.3d 457, 461-62 (4th Cir.1999) (citations omitted).

The Starko Defendants argue that there is no claimed joint, several, or alternative liability between themselves and Ogden Auto Body, and that there are no questions of fact or law common to Plaintiffs' claims against them and against Ogden Auto Body. They rely heavily on the state court's order that Ogden Auto Body be tried separately, and on its conclusion that

> the connection between Ogden Auto and the other Defendants is tenuous at best . . . . any improper act by Ogden Auto, an intervening actor, would be too remote and unforeseeable to have been proximately caused by the accident and therefore, would not result in liability for Defendants Starko, Hawkins, or Gale.

The Starko Defendants further argue that Plaintiffs' failure to serve Ogden Auto Body conclusively demonstrates that it was fraudulently joined and is not a proper defendant.

As a preliminary matter, Plaintiffs' failure to serve Ogden Auto Body is not determinative of their intent or ability to proceed against it. Utah Rule of Civil Procedure 4(b)(ii) states that "[i]n any action brought against two or more defendants on which service has been timely obtained upon one of them, (A) the plaintiff may proceed against those served, and (B) the others may be served or appear at any time before trial." Moreoever, "[j]urisdiction must be determined from the face of the pleadings and not

from returns of service of process or lack thereof." *Oppenheim v. Sterling*, 368 F.2d 516, 518 (10th Cir. 1966). Because Plaintiffs named Ogden Auto Body in their complaint, and timely served the Starko Defendants, their failure to serve Ogden Auto Body has no bearing on the propriety of removal.

In *Montano v. Allstate Indemnity,* 211 F.3d 1278, 2000 WL 525592 (10th Cir. 2000), the Tenth Circuit considered the doctrine of fraudulent joinder. The court stated:

> The case law places a heavy burden on the party asserting fraudulent joinder. A representative example states: "To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned."

*Montano* at *1, quoting *Hart v. Bayer Corp,* 199 F.3d 239, 246 (5th Cir. 2000)(internal citation omitted). In other words, so long as it is possible that the plaintiff could establish a cause of action against the questionably joined party in state court, the joinder will not be found to be fraudulent.

Here, accepting all the allegations in the Complaint as true, it is possible that Plaintiffs have a viable claim against Ogden Auto Body. Under the high standard set forth in *Montano*, that is sufficient to defeat the Starko Defendants' fraudulent joinder claim.[1] Therefore, Plaintiffs' motion to remand is granted.

---

[1] The court recognizes that some other courts use a more liberal standard when deciding whether a party has been fraudulently joined. *See, e.g., Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 32 (3d Cir.1985) (fraudulent joinder is present when a plaintiff evinces "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment"); *Triggs*, 154 F.3d at 1287 (fraudulent joinder exists when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and . . . the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant"). In this case, Plaintiffs' failure to serve Ogden Auto Body after so much time has passed undoubtedly raises a question about Plaintiffs' intentions, but given the Tenth Circuit's

5

Additionally, Plaintiffs argue that Defendants should pay their attorney's fees because Defendants had no objectively reasonable basis for seeking removal. They claim that Defendants "used a State Court procedural ruling as an excuse to seek removal with the sole purpose of delaying resolution of the case," and that Starko attempted to mislead the court by "try[ing] to pass this case off as a legitimate diversity case with the knowledge that the defendant is a Utah company."

The court disagrees. Defendants had an objectively reasonable basis for seeking removal, given the state court's ruling that the claims against Ogden Auto Body would be tried separately, Plaintiffs' failure to serve Ogden Auto Body, and the fact that the Tenth Circuit has had limited occasion to explore the contours of the fraudulent joinder doctrine. The court therefore declines to award attorney's fees.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED. Plaintiffs' request for an award of attorney's fees is DENIED. The Clerk of Court is directed to remand this action to the Second Judicial District Court of Weber County and to close this case.

DATED this 3rd day of August, 2010.

Dale A. Kimball,
United States District Court

---

determinations in *Montano* and *Oppenheim*, the court declines to look beyond whether a possible claim exists against Ogden Auto Body.